Samuel Walker, plaintiff in error, *vs.* James Supple, defendant in error.

1. A contract to purchase an account for $50 00, or more, is within the reason and spirit of the statute of frauds, and must be in writing.
2. To award a non-suit before the plaintiff has closed his testimony, is error.

Statute of frauds. Accounts. Contracts. Non-suit. Practice in the Superior Court. Before Judge Bartlett. Baldwin Superior Court. February Term, 1874.

For the facts, see the decision.

Walker *vs.* Supple.

SANDFORD & FURMAN, for plaintiff in error.

CRAWFORD & WILLIAMSON; T. W. WHITE; L. H. BRISCOF, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant, on an alleged agreement to purchase from the plaintiff an account on one Jack Denson for $249 99, for which the defendant promised to pay the plaintiff $186 00, which he has failed and refuses to do. On the trial of the case, the plaintiff proved that the contract or agreement was in *parol*, and not reduced to writing, and whilst the plaintiff's witness was on the stand, in the midst of his testimony, defendant's counsel moved the court to non-suit the plaintiff, because the defendant did not promise in writing to purchase the account, and that the same was void under the statute of frauds. The court sustained the motion, and non-suited the plaintiff. During the same term of the court, the plaintiff made a motion to reinstate his case on the docket, on the ground that the non-suit was improperly granted, and for other reasons stated in the motion, which was overruled, and the plaintiff excepted.

1. By the 1950th section of the Code, to make a contract or obligation binding on the promissor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, when any contract for the sale of goods, wares and merchandize in existence, or not *in esse*, to the amount of $50 00, or more, except the buyer shall accept part of the goods sold and actually receive the same, or give something in earnest to bind the bargain or in part payment. As accounts are made transferable by our law, we think that a contract to purchase an account to the amount of $50 00, or more, comes within the reason and spirit of the statute, and should be in writing.

2. But it was error for the court to have non-suited the

plaintiff until he had closed his evidence, for the reason that he might have introduced testimony which would have taken the case out of the operation of the statute, under the provisions of the 1951st section, which the court could not have known until the plaintiff had introduced all his evidence and closed. A motion for a non-suit is in the nature of a demurrer to the plaintiff's evidence; that is to say, admitting all the plaintiff has proved to be true, it is not sufficient, in law, to entitle him to recover. Inasmuch as the court non-suited the plaintiff before he had closed his evidence, it was error to overrule his motion, to reinstate the case on that ground. Whether the plaintiff will be able to take his case out of the operation of the statute by the introduction of evidence for that purpose, we cannot tell, but he is entitled to have the opportunity to do so.

Let the judgment of the court below be reversed.