EMILY R. BAKER *et al.*, plaintiffs in error, *vs.* BOLIVER SCO-FIELD, defendant in error.

1. The action of a city council, in granting or refusing a private person leave to cut a ditch which proved to be a nuisance, should appear by its record. Communications to and from the council are presumed to be in writing until the contrary is shown.

2. New trial granted for gross inadequacy of the damages found by the jury as compared with the nature and duration of the nuisance, the character and value of the property affected by it, and other facts in evidence.

Municipal Corporations. Evidence. Presumptions. Damages. New Trial. Before Judge McCUTCHEN. Bartow Superior Court. July Term, 1876.

Emily R. Baker and Caleb Tompkins brought case against Boliver Scofield for damages caused by the overflow of two lots, the property of plaintiffs, such overflow being the result of the construction of a ditch by the defendant, by which he sought to drain his lands. The damages were laid at

$2,500.00. The defendant pleaded not guilty. The jury found for the plaintiffs $50.00, with costs of suit. The plaintiffs moved for a new trial upon the following, among other, grounds:

1. Because the amount of damages found by the jury is inadequate.

2. Because the court erred in excluding the testimony of James D. Wilkerson, to the effect that the defendant endeavored to induce the city council of Cartersville to cut the ditch, on Forest street, so as to drain the ponds and lands, but the council refused; that he afterwards procured authority from said council to cut the ditch himself, provided he became responsible for all damages that might ensue therefrom.

It was insisted that such evidence was admissible, as it was not shown that there was any writing in regard to the action of the city council touching the same.

The evidence showed that the action was commenced on June 9th, 1875; that plaintiffs owned two lots adjoining each other, on both of which there were houses and outhouses; that plaintiffs resided in one and rented the other; that the residence lot was worth $2,000.00, and the other $1,500.00; that defendant, who owned adjoining lands, for the purpose of draining the same, and also a pond on the other side of the street, in 1872 or 1873, constructed a ditch which terminated at the dividing fence between plaintiffs' and defendant's land; that this ditch, in wet weather, precipitated a large volume of water on plaintiffs' land, which materially injured the residence lot, and rendered valueless the other; that the basement of the rented house would be filled with water to the depth, sometimes, of six inches; that all vegetables and flowers, which were planted, would be destroyed; that plaintiffs protested against the construction of the ditch at the time it was being dug; that this large volume of water was thus diverted from the channels through which it would naturally flow.

The motion was overruled, and the plaintiffs excepted.

M. R. STANSELL ; DABNEY & FOUCHE, for plaintiffs in error.

No appearance for defendant.

BLECKLEY, Judge.

1. What was done by a city council, as such, in refusing or granting permission to a private person to cut a ditch which proved to be a nuisance to the occupants of certain lots in the neighborhood, ought to appear by the municipal records—see 44 *Ga.*, 529. But what the person may have said to the council, orally, as to his wanting leave to cut the ditch, or as to his willingness to be responsible for all damages that might result from cutting it, and what answers may have been made to him orally by members of the council, might be proved by parol. The presumption, however, is (until the contrary appears) that communications to and from a city council are in writing. It was not error to exclude the parol evidence offered in this case.

2. From the nature of the nuisance, the length of time it existed, the character and value of the property affected by it, and all other facts in evidence, the amount found by the jury was grossly inadequate as compensation to the plaintiffs for their injury, up to the time of bringing their action.

Judgment reversed.