McWILLIAMS *et al. v.* CITY OF ROME.

LUMPKIN, J.    1. Where a municipal charter authorized the mayor and council to elect three building inspectors to discharge certain duties, and, instead of so doing, the mayor and council passed an ordinance declaring that the superintendent of public works should be the building inspector, that no building or repairs should be done without leave from him, and that he should have direct supervision over all such buildings and repairs and see that ordinances of the city relative thereto were complied with, if the city was otherwise liable for the conduct of the building inspector in tearing down a wall belonging to a property owner, it would not be relieved from such liability by reason of the irregularity in the election of such officer.    City Council of Sheffield *v.* Harris, 101 Ala. 564 (14 So. 357).

2. In a suit against a municipality on account of the alleged wrongful tearing down of a wall by its building inspector under its authority, the plaintiffs' counsel was proceeding, regularly and without unnec-

essary consumption of time or the offering of irrelevant testimony, so far as the record discloses, to introduce evidence for the purpose of proving the allegations of his petition. The presiding judge interrupted counsel by stating that he did not wish to interfere with the management of the case, but in order to save time he desired to know what the mayor and council had to do with the transaction. Counsel proceeded to examine a witness who was on the stand. The court again interrupted him with the statement, "I want you to show by what authority this wall was torn down, before we proceed with the other. You are suing for damages to a wall that was torn down. You charge that, under the supervision and the authority of the mayor and council, so and so was done. I want you to show what that authority was." And again, "The mayor and council speak by record. I want to know what the mayor and council have done." Another colloquy ensued. In this he remarked that any evidence would be admitted which showed corporate action, though not reduced to writing and entered on the minutes. Other evidence was offered, touching the application to council for a permit to repair the building, the tearing down of the wall, etc.; but the plaintiffs' counsel had not announced the evidence closed. Defendant's counsel objected that the evidence offered was not admissible, according to the court's ruling. Finally the judge passed the following order: "Plaintiffs having offered evidence to support other elements of the petition, and the court, upon objection of the defendant, having ruled that no other evidence was admissible without further proof of the corporate action, and counsel for plaintiffs admitting that they could not further prove action by the mayor and council by record," the other evidence was rejected, and a nonsuit was granted. *Held*, that, in view of the evidence already introduced and the announcement of counsel as to their desire to offer further evidence, this was error. Counsel for the plaintiff should have been allowed to introduce his evidence competent and relevant to make out the case alleged by him, and not have been stopped and a nonsuit granted. Whether, after he has been allowed a full opportunity to introduce all relevant evidence bearing on the issue, he will have made out a case, is a question which will then properly arise.

(*a*) Under the facts in the present case, it can not be held that the ruling of the court was harmless error. The order granting a nonsuit was expressly based upon the admission of counsel for plaintiffs that they could not further prove action by the mayor and council "by record." While communications to and from a municipal council are presumed to be in writing until the contrary is shown, in a case of this kind the absence of a writing is not conclusive evidence of the absence of action. *Baker* v. *Scofield*, 58 *Ga.* 182.

> Judgment reversed. All the Justices concur.
> AUGUST 17, 1912.

Action for damages. Before Judge Maddox. Floyd superior court. January 26, 1912.

*Sharp & Sharp* and *W. M. Henry,* for plaintiffs.
*Max Meyerhardt,* for defendant.