23151. MALLARD v. MALLARD.

CANDLER, Presiding Justice. On April 20, 1962, a decree was entered in the Superior Court of Newton County which required Leo Sessions Mallard to pay his wife, Polly Davis Mallard, from whom he was by the same decree divorced, the sum of $45 per week for the support and maintenance of their minor child. Pursuant to the provisions of an Act approved March 9, 1955 (Ga. L. 1955, p. 630, *Code Ann.* § 30-220) which authorizes the revision upward or downward of a decree for child support, Mallard filed a suit in the same court against his former wife in which he prayed for a downward revision of the decree, basing his prayer for such relief on the ground that there had been a substantial change in his income and financial status since the rendition of such decree. A general demurrer to his petition was overruled and there is no exception to that judgment. His divorced wife also answered his petition and denied that there had been a substantial change in his income and financial condition since the child support decree was granted. The plaintiff was the only witness who testified on the trial, and while he was testifying, the trial judge, on his own motion, halted further examination of the witness and stated that he would direct a verdict in favor of the defendant since he did not think the evidence given by the witness would authorize a modification of the decree. Counsel for the plaintiff thereupon stated to the court that there was other evidence

which he wished to introduce respecting a change in plaintiff's financial condition. To this the court replied: "I'll let you put in anything you think is necessary for the record if you want to carry it up, what you proposed to prove, so that you'll have that perfected, but I don't think there's been enough evidence here to warrant a modification or even letting it go to the jury, but if you want to put anything in the record, I'll be glad to do it, and if I am wrong, then I can be corrected." Counsel for the plaintiff then asked the court, "Is this stopping me from entering any further evidence as to this man's financial condition? Is that the order of the court?" The court indicated that such was its ruling. Counsel for the plaintiff then stated to the court that he did not care to introduce further evidence unless it was admitted for the jury's consideration. After this occurrence, the plaintiff as a witness in his own behalf gave no further testimony, no other evidence was introduced by either party, and a verdict for the defendant was directed. The plaintiff moved for a new trial and alleged that the court erred in refusing to permit him to introduce all of his evidence respecting a change in his financial status and in directing a verdict for the defendant. The motion for new trial was overruled and the plaintiff excepted to that judgment. *Held:* "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto. In the event that the defendant shall fail to put in any evidence in the trial of any case, he shall nevertheless be entitled to move for a directed verdict when the parties have closed their respective cases." *Code Ann.* § 110-104. But it is an elementary principle of law that a trial judge is never authorized to direct a verdict against a party litigant until he has introduced or had an opportunity to introduce all of his evidence on the issues involved and rested his case. See, in this connection, *Walker v. Supple,* 54 Ga. 178 (2); *McWilliams v. City of Rome,* 138 Ga. 581 (75 SE 645). In the instant case the record clearly shows that the plaintiff was not permitted to offer all of his evidence respecting an alleged change in his financial status for the jury's consideration; and since this is true, the ends of justice require this court to order a new trial.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED OCTOBER 11, 1965—DECIDED OCTOBER 19, 1965.

*Ballard & Thigpen, W. D. Ballard, Troy R. Thigpen, Jr.,* for appellant.