## 61455. SAWYER v. DOGWOOD STABLES, INC.

DEEN, Presiding Judge.

Dr. Horace K. Sawyer, Jr. appeals from an order of the trial court which found in favor of Dogwood Stables, Inc. in a suit on an open account and dismissed his counterclaim.

The record shows that when the case was called for trial before a judge sitting without a jury Dr. Sawyer's counsel announced ready for trial, but explained that the defendant was absent because he had been delayed by a medical emergency and would be in court as soon as possible. The trial commenced and the plaintiff put on his evidence. Defense counsel cross-examined the sole witness and during the course of that examination the court began to feel that counsel was purposely delaying the proceedings because the defendant still had not arrived and asked the court reporter to "Let the record show that a period of at least a minute and a half is elapsing between these questions that he's asking here." At this point counsel and the court

entered into a somewhat heated discussion of the defendant's absence and his failure to abide by the subpoena. Finally, the trial resumed and counsel for the plaintiff requested permission to ask the witness a question on redirect. After two questions were asked and answered, defendant's counsel made a general objection and then stated, "Dr. Sawyer, as you see, has just walked in; I'm sure he'll have a good excuse which we ought to let him tell us." The court questioned the doctor about service and asked him if he knew the time for which the case was set. The doctor explained that he was delayed by an unexpected patient who had to have a laceration sewn up. His counsel informed the court that he had told the defendant that it would not be necessary for him to be at calendar call, that he only needed to be present when he called him. The court noted that the defendant's subpoena required him to be in court at 9:30 a.m. The doctor explained that he thought he would be able to make it, but a tendon was involved and the surgery took longer than expected. Counsel then asked the court to allow the doctor to present his defense. The court refused: "He was not here when the case started — you sit down!" The court then informed the doctor that he should have had someone on call. The doctor explained: "I didn't have any scheduled appointments this morning — I had a man on call for me the last four days and I released him early this morning; I really didn't anticipate any problem being developed. This patient just walked in — in the office while I was over there this morning, so I had to perform the operation." After a second discussion of service the court found in favor of the plaintiff and dismissed the doctor's counterclaim. Counsel objected and requested the court to permit ". . . the record to reflect that the defendant is here and ready to testify." The court stated that "[t]he defendant walked in after the court ruled in the case, yes."

The record clearly shows that the defendant walked into the courtroom at the same time that plaintiff's counsel was concluding its redirect examination and at the moment his counsel had voiced a general objection which was not ruled upon by this court. There is nothing in the record to indicate whether his counsel intended to cross-examine on the redirect testimony or whether the plaintiff had in fact rested its case. As redirect examination concerned the keeping of business records and none were introduced into evidence, it seems to be a fair assumption that the plaintiff had not rested. While it is difficult to determine this question because the court proceeded to immediately question the doctor about his delayed appearance, there is nothing in the record to affirmatively indicate that the plaintiff had closed or that the defendant had waived his right to present a defense. Further, the record indicates that the trial court did not make a ruling

in the case prior to Dr. Sawyer's arrival. Although Sawyer might have been in contempt of court for failing to appear at the time set forth in the subpoena, to deny him the right to present his case when he arrives prior to the close of the plaintiff's evidence or before his counsel has waived his right to present evidence would constitute a violation of his due process rights under the Constitution. Constitution of Georgia, Art. I, Sec. I, Par. IX (Code Ann. § 2-109). See also *Spivey v. Barwick,* 157 Ga. 853 (122 SE 594) (1924); *McWilliams v. City of Rome,* 138 Ga. 581 (75 SE 645) (1912). Therefore, this court must find that the trial court erred in refusing to allow the defendant to present a defense and evidence of his counterclaim.

*Judgment reversed. Banke and Pope, JJ., concur.*

DECIDÉD FEBRUARY 16, 1981.

*R. Rucker Smith, Michael J. Cohen,* for appellant.
*William N. Robinson,* for appellee.