## 62894. HENSEL PHELPS CONSTRUCTION COMPANY v. JOHNSON et al.

BIRDSONG, Judge.

The Georgia Supreme Court reversed our decision in the instant case; *(Hensel Phelps Constr. Co. v. Johnson,* 161 Ga. App. 631 (288 SE2d 318)). Accordingly, we hereby conform our decision in the case to their ruling.

In deciding the case as we did, we were very aware of Code Ann. § 81A-150 (a) which provides: "A motion for directed verdict shall state the specific grounds therefor." Hensel Phelps did not raise the immunity from tort issue as a ground for directed verdict at trial because it could not; those grounds did not exist until after the trial, with the Supreme Court's subsequent ruling in *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41). Hensel Phelps could not move for new trial because a motion for new trial may not be used to raise

objections to the judgment only and not the verdict. *Williams v. Cross,* 197 Ga. 295 (2) (28 SE2d 924); *Smith v. Wood,* 189 Ga. 695 (2) (7 SE2d 255). Hensel Phelps could have moved for jnov, but was not required to have done so, according to Code Ann. § 6-702, which states: ". . . in *all cases* where such motion [for jnov] is an available remedy, the party may . . . appeal directly from the final judgment and enumerate as error the overruling of the motion for directed verdict." (Emphasis supplied.)

We were thus faced with a five-way conflict among the necessity of raising specific grounds on motion for directed verdict (Code Ann. § 81A-150 (a)); the fact that a motion for directed verdict cannot logically be required to be made on grounds that do not then exist; the fact that the law at the time of appeal is applied; the fact that Hensel Phelps had no remedy to attack the judgment by motion for new trial; and the fact that Hensel Phelps could directly appeal the denial of the motion for directed verdict and was expressly permitted by statutory law to directly appeal without first moving for jnov. (Code Ann. § 6-702). (This last proposition is emphasized by the observation that, since Hensel Phelps moved for directed verdict on grounds of "borrowed servant" and failed to specifically state grounds for tort immunity for the obvious reason that they did not then exist, in effect no motion for directed verdict was made which could properly have supported a judgment notwithstanding the verdict based on tort immunity (see Code Ann. § 81A-150 (b); *Whitman v. Burden,* 155 Ga. App. 67 (270 SE2d 235)).

We resolved this conflict with as little disturbance as possible to any of these rules and laws, by saying that while a motion for directed verdict must state the specific grounds therefor as a basis for appeal (Code Ann. § 81A-150 (a)), it obviously is not possible to state grounds which do not exist at the time; and, to give effect to the rule that the law is applied as exists at the time of appeal, the movant who by new law is entitled to a certain judgment, should not be deprived of it by Code Ann. § 81A-150 (a) for the failure to state as grounds for directed verdict what did not exist at the time.

We wonder why this failure to state specific grounds for directed verdict (which did not exist at the time) should be controlling in any case, because if Hensel Phelps had made no motion for directed verdict at all and the law had changed after it filed its notice of appeal and after the trial court had lost jurisdiction of the case, Hensel Phelps could simply have enumerated as error the trial court judgment on the basis that the law had changed in the meantime and the plaintiff was not entitled to it. See, e.g., *White v. Georgia Power Co.,* 247 Ga. 256 (274 SE2d 565) and especially *Dept. of Transp. v. Worley,* 244 Ga. 783 (263 SE2d 436).

We are, of course, certain that the Supreme Court is correct in its decision; however, the problem as set forth herein remains.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 16, 1982.

*Paul A. Howell, Jr., Terrence Lee Croft,* for appellant.
*Judson Graves, G. Michael Hartley,* for appellees.