## 66536. ABLE-CRAFT, INC. v. BRADSHAW.

BIRDSONG, Judge.

This is an appeal by the tenant Able-Craft Inc. from the jury verdict in favor of the landlord Bradshaw in a dispossessory case.

The appellant Able-Craft, upon being sued for possession of the premises, filed counterclaims for damages arising out of the landlord's alleged negligence and breach of contract in failing to repair the premises in a speedy manner following a fire in August, 1981. By agreement, the landlord prorated appellant's rent for August, September, and October while repairs were being completed. Appellant, contending the agreement extended into November, paid Bradshaw $294 less than the usual November rent. Within five days following the filing of the dispossessory action on December 2, Able-Craft paid the remaining disputed $294 and paid the entire December rental as well. In its answer to the dispossessory action, Able-Craft made this payment of rent an affirmative defense. OCGA § 44-7-52 (Code Ann. § 61-309) provides: "In an action for nonpayment of rent, the tenant shall be allowed to tender to the landlord, within seven days of the day the tenant was served with the summons pursuant to Code Section 44-7-51, all rents allegedly owed

plus the cost of the dispossessory warrant. Such a tender shall be a complete defense to the action. . . .''

It thus appears that appellant Able-Craft had a "complete defense" to the dispossessory action. At the close of the plaintiff's case, however, appellant made a motion to dismiss on the specific grounds that plaintiff had not borne his burden to show that he had made a demand for possession of the premises (see OCGA § 44-7-50 (Code Ann. § 61-301)). The trial judge denied the motion and later, in the defendant Able-Craft's case, defendant admitted demand for possession had been made. At no time during trial did appellant Able-Craft raise by motion or otherwise the "complete defense" (OCGA § 44-7-52 (Code Ann. § 61-309)) that rent had been paid, although there was evidence to that effect. Following the verdict in favor of Bradshaw, appellant made a motion for judgment n.o.v. and new trial, stating as grounds that the plaintiff had not shown demand for possession and, raising for the first time as a dispositive motion the complete defense of payment of rent. On appeal Able-Craft enumerates as the sole error below the trial court's refusal to direct a verdict in its favor at the close of the plaintiff's case. *Held:*

1. The only enumeration of error properly before this court is the trial court's refusal to direct a verdict on the specific grounds of plaintiff's failure to show demand for possession. But the trial court did not err in denying the motion at the time it was made, and the apellant later admitted a demand for possession was made. OCGA § 9-11-50 (a) (Code Ann. § 81A-150) provides that "[i]f there is *no conflict in the evidence as to any material issue* and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." (Emphasis supplied.) Demand for possession is a condition precedent to the institution of dispossessory proceedings, *Metro Mgt. Co. v. Parker,* 247 Ga. 625, 629 (278 SE2d 643), and although the proof should have been made, the dispossessory code sections (OCGA § 44-7-50 et seq. (Code Ann. §§ 61-301—61-306, 61-308, 61-309, 61-9905)) do not require prima facie proof of demand for possession by the plaintiff as a statutory procedure. The directing of a verdict is a "very, very grave matter" *Georgia Power Co. v. Owens,* 124 Ga. App. 660, 665 (186 SE2d 294), and as a vehicle of justice, is proper only where "there is no issue of [material] fact, or unless the proved facts, viewed from every possible legal point, would sustain no other finding than the one so directed." *Horn v. Preston,* 217 Ga. 165 (1) (121 SE2d 775). In other words, the directed verdict is not a vehicle to obtain a judgment on the technical grounds that a plaintiff has merely neglected to show some evidence material to his case. Particularly, since the trial court may in its discretion permit the plaintiff to reopen his case and offer some

neglected evidence (*Anderson v. Universal C.I.T. Credit Corp.,* 134 Ga. App. 931, 934 (216 SE2d 719)), in such a case a directed verdict is generally improvident. See *Mallard v. Mallard,* 221 Ga. 480, 481 (145 SE2d 533). The appellant in this case asserts that if the plaintiff is thus allowed to "cure" the defects in his case, then in effect no defendant will ever be entitled to a directed verdict at the close of a plaintiff's case. That might be true if a plaintiff could never amend his case or show additional evidence, and if the directed verdict were a mere technical device to dispose of plaintiffs who fail to present an instantly perfect prima facie case; but this is not so. The directed verdict is a substantive procedure for removing the case from the jury when the plaintiff's evidence viewed in the most favorable light is without conflict, and all the reasonable deductions therefrom demand a verdict for the defendant. It was held by the Supreme Court in *Young v. Wiggins,* 229 Ga. 392 (1) (191 SE2d 863) that sound reasoning dictates we not elevate procedure and form over substance by reversing the case on this basis, when the plaintiff's case was in fact ultimately made out. See also *Mallard,* supra.

2. Even if we apply the rule in OCGA § 5-6-48 (f) (Code Ann. § 6-809) (and see *MacDonald v. MacDonald,* 156 Ga. App. 565 (275 SE2d 142)) as to liberal treatment of enumerations of error, the enumeration of error as to the trial court's failure to direct a verdict on grounds of failure to prove demand for possession cannot be construed to encompass, as error, the later refusal to grant judgment n.o.v. on the basis of Able-Craft's belatedly raised "complete defense" of payment of rent. The enumeration of error in this case is not one which "fails to enumerate clearly the errors sought to be reviewed" (OCGA § 5-6-48 (f) (Code Ann. § 6-809)); it clearly enumerated one specific error only. This was the trial court's refusal to direct a verdict, which in any case cannot be expanded to encompass other defects on appeal because the specific grounds stated therefor must be the same ones asserted on appeal. *Hensel Phelps Constr. Co. v. Johnson,* 164 Ga. App. 404 (298 SE2d 261).

The fact that the appellant had made out an affirmative defense as to payment of rent, and that the evidence showed the rent was paid, availed appellant nothing when it was not raised at trial as a defense and no disposition, verdict or judgment was sought on its account. See *Ingle v. Swish Mfg. Southeast,* 164 Ga. App. 469, 472 (297 SE2d 506). Even a "complete defense," like an affirmative defense, can be waived or lost if not properly asserted. See *Dromedary, Inc. v. Restaurant Equip. Mfg. Co.,* 153 Ga. App. 103 (264 SE2d 571); *Roberts v. Farmer,* 127 Ga. App. 237 (193 SE2d 216).

The motion for new trial was not an available remedy below since the plea of "complete defense" as a matter of law (OCGA §

44-7-50 (Code Ann. § 61-301)) goes to the judgment only and not the verdict (*Hensel Phelps v. Johnson,* supra). The motion j.n.o.v. was not an available remedy because a motion for directed verdict on the specific ground of payment of rent was a prerequisite to motion j.n.o.v. on that ground. OCGA § 9-11-50 (b) (Code Ann. § 81A-150); *Hensel Phelps,* supra; *Nationwide Mut. Fire Ins. Co. v. Rhee,* 160 Ga. App. 468 (287 SE2d 257). And in any case the failure of the trial court to grant appellant's motion j.n.o.v. and motion for new trial is not before this court on appeal, because, as we have said, the only error appealed from was the specific refusal of the trial court to direct a verdict on grounds of Bradshaw's failure to show demand for possession in his plaintiff's case.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 6, 1983.

*Howard H. Johnston,* for appellant.
*Judson Graves, Robert R. Potter,* for appellee.