76649. OPATUT et al. v. GUEST POND CLUB, INC.
76650. EVANSTON INSURANCE COMPANY v. OPATUT et al.
(373 SE2d 372)

CARLEY, Judge.

Guest Pond Club, Inc. (GPC), the appellee-plaintiff in Case Number 76649, owns property which contains a pond. Several members of the Opatut family (Opatuts), the appellant-defendants in Case No. 76649 and the cross-appellees in Case No. 76650, own the property which adjoins that of GPC. Rite-Diet Feeds, Inc. (RDF), also an appellant-defendant in Case No. 76649 and a cross-appellee in Case No. 76650, operates a chicken plant on the Opatuts' property. Alleging that water used in the chicken plant had been discharged into its pond, GPC brought suit against the Opatuts and RDF to recover damages. The Opatuts and RDF answered, denying the material allegations of GPC's complaint.

The Opatuts and RDF also filed a third-party action against Evanston Insurance Company (Evanston), an appellee in Case No. 76649 and the cross-appellant in Case No. 76650. In their third-party action, the Opatuts and RDF alleged that Evanston was their insurer and

that Evanston's refusal to afford them a defense to GPC's main action was a breach of their contract of insurance. Evanston answered the third-party complaint and denied the material allegations thereof.

The main action and the third-party action proceeded to trial before a jury. A verdict in favor of GPC was returned in the main action. A verdict in favor of Evanston was returned in the third-party action. In Case No. 76649, the Opatuts and RDF appeal from the judgments which were entered on the jury's verdicts. In Case No. 76650, Evanston cross-appeals from the judgment which was entered on the jury's verdict in the third-party action.

## Case No. 76649

1. The Opatuts and RDF enumerate as error the trial court's denial of two of their motions for continuance.

When Joel Opatut, one of the appellant-defendants, was unable to appear in court due to illness, his absence was unsuccessfully urged as a ground for continuance. See OCGA § 9-10-154. A review of the record shows, however, that the trial court had already granted one continuance because of Opatut's inability to appear in court due to illness. "The [trial] judge had before him the case, the parties, the situation, and the surrounding and attendant circumstances. He declined to grant a second continuance for the absence of the same witness, who was also a party, and whose evidence could have been taken by [deposition]. . . . [W]e can not say that he erred." *Gable v. Gable*, 130 Ga. 689, 691 (61 SE 595) (1908).

The Opatuts and RDF were represented at trial by only two of their three attorneys of record. The absence from trial of their third counsel due to illness was also unsuccessfully urged as a ground for continuance. See OCGA § 9-10-155. The record shows, however, that the two attorneys who represented the Opatuts and RDF at trial had been primarily responsible for the pre-trial preparation of the case. "Thus, we are not confronted with the situation of an entirely new counsel being presented with a complex case and having absolutely no familiarity with the case or being totally unprepared. It is apparent that the counsel who did most of the case preparation was present [and tried the case], even though he might not have been the . . . ostensible 'lead' counsel. . . . [A] motion for continuance is addressed to the sound discretion of the trial court and a denial will not be disturbed in the absence of a manifest abuse of discretion. [Cits.]" *Rutledge v. State*, 152 Ga. App. 755, 757 (264 SE2d 244) (1979). "Continuances for the absence of counsel are not favored. A strict compliance is required, particularly where competent counsel other than the absent counsel has been secured, and it is not shown that the defendant was injured by the absence of his original counsel. [Cits.]" *Curry v.*

*State,* 17 Ga. App. 377 (2) (87 SE 685) (1915). See also *Blair v. State,* 166 Ga. App. 434 (1) (304 SE2d 535) (1983). As there has been no showing that the Opatuts and RDF were injured by the absence of their third counsel from trial, we find that the trial court did not abuse its discretion in denying the motion for continuance.

2. The trial court denied the Opatuts' and RDF's request that they be granted additional peremptory strikes in connection with the third-party action against Evanston. This ruling is enumerated as error.

"Where, as here, a third-party claim can be severed, OCGA § 9-11-42 (b), the trial court may grant additional strikes to the defendants in the exercise of a legal discretion. [Cits.] A legal discretion ' "means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." [Cits.]' [Cit.]" *Keller Indus. v. Summers Roofing Co.,* 179 Ga. App. 288, 290 (1) (346 SE2d 99) (1986). A review of the record clearly shows that the trial court was aware of its discretion in the matter and that, in refusing to allow additional peremptory strikes, it considered the "posture of the case, the respective claims of the parties, and the adverse nature of those claims." *Keller Indus. v. Summers Roofing Co.,* supra at 290. Accordingly, we find no abuse of discretion in the trial court's ruling.

3. A witness for GPC testified on direct examination that he had fished in GPC's pond numerous times. On cross-examination, the witness was asked it he had ever fished in Bank's Pond. GPC objected, urging that, in the absence of any evidence that the two ponds were similar, inquiry as to Bank's Pond would be irrelevant. The trial court ruled that GPC's witnesses could not be cross-examined as to other ponds until there was evidence introduced to show that they were similar to GPC's. Once this evidence of similarity had been introduced, the trial court ruled that the Opatuts and RDF would then be allowed to recall any of GPC's witnesses and question them as to the other ponds. The trial court's ruling is enumerated as an erroneous curtailment of the cross-examination of GPC's witnesses.

The Opatuts and RDF, "of course, had the right to a thorough and sifting cross-examination of any witness called against [them]. OCGA § 24-9-64 ([cit.]). However, the extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court which will not be disturbed on appeal unless manifestly abused. [Cits.]" *Fitzgerald v. State,* 166 Ga. App. 307, 310 (304 SE2d 114) (1983). Evidence as to other ponds would not be relevant until it was established that the other ponds were similar to GPC's. See generally *Green v. Gaydon,* 174 Ga. App. 796, 797 (1) (331 SE2d 106) (1985). Under the trial

court's ruling, had such evidence of similarity been introduced, the Opatuts and RDF would have been allowed to recall GPC's witnesses and elicit testimony as to the other ponds. Accordingly, we find that the trial court did not abuse its discretion in limiting the cross-examination of GPC's witnesses until the relevancy of the line of questioning was shown.

4. During direct examination, a witness for GPC was asked if GPC had the funds to restore the pond to its original condition. The witness replied that GPC had no assets and was in debt. The Opatuts and RDF moved for a mistrial, on the ground that evidence of GPC's financial condition was irrelevant. The trial court denied the motion, but did instruct the jury to disregard the testimony. The Opatuts and RDF enumerate the denial of their motion for a mistrial as error.

" 'Where illegal evidence is admitted at the trial, it is not error to refuse the grant of mistrial if the illegal or harmful testimony can be corrected by proper instructions to the jury . . . [Cits.] The decision not to declare a mistrial is within the discretion of the trial court, and this discretion should not be interfered with unless manifestly abused.' [Cit.]" *Chandler v. State*, 143 Ga. App. 608, 609 (2) (239 SE2d 158) (1977). The trial court's curative instructions were sufficient under the circumstances and there was no abuse of its discretion in denying the motion for a mistrial.

5. The Opatuts and GPC moved for a mistrial, on the ground that GPC's counsel had violated the "Golden Rule" in his closing argument. The trial court denied the motion and this ruling is enumerated as error.

A review of the transcript shows that GPC's attorney was merely flamboyantly arguing the facts of the case and that he at no point urged "the jurors to place themselves in the position of [GPC] or to allow such recovery as they would wish if in the same position. [Cit.]" *Earl v. Edwards*, 117 Ga. App. 559, 560 (3) (161 SE2d 438) (1968). Accordingly, this enumeration is without merit.

6. At the outset of its charge to the jury, the trial court read the contentions of all of the parties in the case. The Opatuts and RDF enumerate this portion of the trial court's charge as error.

"The trial court made it clear to the jury that the allegations were merely the contention[s] of the [parties], [and that they] were not evidence. . . . It is not improper in a charge to the jury to state the contentions [of the parties], even though some of the contentions be unsupported by the evidence. [Cit.]" *Ledbetter Bros. v. Holmes*, 122 Ga. App. 514, 515 (1) (177 SE2d 824) (1970). Accordingly, this enumeration is without merit.

7. The Opatuts and RDF moved for directed verdict against Evanston. The denial of their motion is enumerated as error.

"The directing of a verdict is a 'very, very, grave matter' [cit.],

and as a vehicle of justice, is proper only where 'there is no issue of (material) fact, or unless the proved facts, viewed from every possible legal point, would sustain no other finding than the one so directed.' [Cit.]" *Able-Craft v. Bradshaw,* 167 Ga. App. 725, 726 (1) (307 SE2d 671) (1983). See also OCGA § 9-11-50 (a). The record reveals that there was sufficient evidence introduced at trial to authorize the submission to the jury of the issue of Evanston's liability to the Opatuts and RDF. Accordingly, the trial court correctly denied the motion for a directed verdict.

8. The trial court's giving of two of Evanston's requested jury instructions is enumerated as error, the contentions being that the instructions were argumentative, were not adjusted to the evidence, were incorrect statements of the law, and were prejudicial. A review of the contested instructions reveals, however, that they are not subject to the objections urged by the Opatuts and RDF. Accordingly, these enumerations are without merit.

9. GPC called Paul King as a rebuttal witness. The Opatuts and RDF objected on the ground that, after they had made a pre-trial identification of King as one of their expert witnesses, GPC had made "ex parte" contact with him in violation of § 9-11-26 (b) (4). The trial court overruled the objection and allowed King to testify as a rebuttal witness for GPC. This ruling is enumerated as error, the contention being that the trial court should have excluded King's testimony as a sanction against GPC for improper discovery methods.

Trial courts have broad discretionary powers under the discovery provisions of the Civil Practice Act and appellate courts have consistently refused to interfere with the exercise of a trial court's discretion except in cases of clear abuse. See generally *Rucker v. Blakey,* 157 Ga. App. 615, 616 (278 SE2d 158) (1981). We find no abuse of the trial court's discretion in refusing to exclude King's testimony as a sanction for GPC's alleged violation of discovery rules.

10. The Opatuts and RDF enumerate as error the trial court's allowing of Evanston to participate in the trial of the main action.

OCGA § 9-11-14 (a) provides that "[t]he third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim." Since Evanston would be liable to GPC only if the Opatuts and RDF were found to have caused damage to GPC's property, Evanston was clearly entitled to assert the Opatuts' and RDF's lack of liability as a defense to the main action. Accordingly, the trial court did not err in allowing Evanston to participate in the trial of the main action.

11. The trial court did not err in entering judgment on the jury's verdicts in the main action and in the third-party action.

*Case No. 76650*

12. Evanston's cross-appeal is moot by virtue of our affirmance in the main appeal of the judgment on the third-party action.

*Judgment affirmed in Case No. 76649. Appeal dismissed in Case No. 76650. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 21, 1988.

*W. Emory Walters, J. Harvey Davis, Thomas E. Pujadas*, for Opatuts.
*Berrien L. Sutton, Robert D. Sumner*, for Guest Pond.
*Susan A. Cahoon, Stephen E. Hudson*, for Evanston.