## A97A1459. WALKER v. GRO ASSOCIATES, INC.
### (489 SE2d 366)

BLACKBURN, Judge.

GRO Associates, Inc. (GRO) filed suit against Thomas H. Walker, Jr., seeking to recover unpaid brokerage commissions allegedly due as a result of the sale of Walker's business. Following a trial, the jury returned a verdict in favor of GRO in the amount of $24,500. Walker appeals this verdict, contending that the court erred in allowing GRO to reopen the evidence after resting, in denying Walker's motion for directed verdict, and in responding to a jury question.

1. After the parties rested, Walker moved for a directed verdict on the ground that GRO had not presented evidence that it was a licensed real estate broker as required by OCGA § 43-40-24. The court denied the motion and allowed GRO to present evidence that it was in fact so licensed. Walker contends it was error for the court to reopen the evidence and to deny the motion for directed verdict.

This contention is without merit. "[T]he directed verdict is not a vehicle to obtain a judgment on the technical grounds that a plaintiff has merely neglected to show some evidence material to his case. Particularly, since the trial court may in its discretion permit the plaintiff to reopen his case and offer some neglected evidence ([cit.]), in such a case a directed verdict is generally improvident. See *Mallard v. Mallard*, 221 Ga. 480, 481 (145 SE2d 533). The appellant in this case [essentially] asserts that if the plaintiff is thus allowed to 'cure' the defects in his case, then in effect no defendant will ever be entitled to a directed verdict at the close of a plaintiff's case. That might be true if a plaintiff could never amend his case or show additional evidence, and if the directed verdict were a mere technical device to dispose of plaintiffs who fail to present an instantly perfect prima facie case; but this is not so. The directed verdict is a substantive procedure for removing the case from the jury when the plaintiff's evidence viewed in the most favorable light is without conflict, and all the reasonable deductions therefrom demand a verdict for the defendant. It was held by the Supreme Court in *Young v. Wiggins*, 229 Ga. 392 (1) (191 SE2d 863) that sound reasoning dictates we not elevate procedure and form over substance by reversing the case on this basis, when the plaintiff's case was in fact ultimately made out." *Able-Craft, Inc. v. Bradshaw*, 167 Ga. App. 725, 726-727 (307 SE2d

671) (1983). Indeed, under the circumstances, the court might have abused its discretion had it *refused* to reopen the evidence at GRO's request. See *Morris v. Shah*, 196 Ga. App. 886, 887-888 (397 SE2d 207) (1990). Accordingly, the trial court did not err in allowing GRO to reopen the evidence and in denying Walker's motion for directed verdict.

2. Walker contends the court erred in responding to a jury question. During deliberations, the jury sent the judge a note stating, "[w]e have a question about the statute of limitations on contractual agreements." Over Walker's objections, the judge responded by informing the jury that the claim was not barred by the statute of limitation. On appeal, Walker contends that the court should have responded by instructing the jury that the statute of limitation for contract actions was six years as set forth in OCGA § 9-3-24.

This contention is without merit, as the statute of limitation was not an issue in this case. Walker's attorney did not submit a request to charge on the statute of limitation and expressly asked the court during the charge conference not to charge on the statute because he was not going to argue it. As Walker does not contend that the claim was barred by the statute of limitation, a charge on the statute would not have been adjusted to the evidence and would have had a tendency to confuse the jury. See *Bakery Svcs. v. Thornton Chevrolet*, 224 Ga. App. 31, 33 (3) (479 SE2d 363) (1996) (charge must be adjusted to pleadings and evidence and must not have tendency to confuse and mislead jury or to becloud issues in case).

Although his brief is not clear on this point, Walker also appears to contend that the court's response constituted an improper comment on the evidence. However, as Walker does not contend that the claim was in fact barred by the statute of limitation, any error in the form of the court's response was clearly harmless. See *CSX Transp. v. Barnett*, 199 Ga. App. 611, 612 (1) (405 SE2d 506) (1991) ("harm as well as error must be shown to warrant reversal").

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 24, 1997 —

*Sean A. Black*, for appellant.
*Verdery & Oliver, William R. Oliver*, for appellee.