A01A1569. THAKKAR v. ST. IVES COUNTRY CLUB.
(553 SE2d 181)

ELDRIDGE, Judge.

St. Ives Country Club brought an action against Chittranjan Thakkar for the removal by Thakkar of 13 loblolly pine trees growing on plaintiff's property, which pines provided a buffer between Thakkar's house and the eleventh hole of plaintiff's golf course. Following a bench trial, the Superior Court of Fulton County awarded damages and attorney fees in favor of plaintiff and against Thakkar, who now appeals. Upon review of the record, we affirm.

1. Thakkar claims that two discovery abuses require reversal of the instant case. We disagree.

(a) Thakkar contends the trial court erred in denying his motion brought pursuant to OCGA § 9-11-16 seeking to exclude the testimony of four of plaintiff's lay witnesses whose names were served on Thakkar the Friday before the Monday trial date as individuals who could testify as to the number of pines removed from plaintiff's property. However, "[t]rial courts have broad discretionary powers under the discovery provisions of the Civil Practice Act and appellate courts have consistently refused to interfere with the exercise of a trial court's discretion except in cases of clear abuse."[1] Here, the record does not show that the names of the witnesses were deliberately concealed to prejudice Thakkar, and plaintiff supplemented its earlier discovery with the names of the witnesses as soon as they were located.[2] Thus, plaintiff complied with the supplemental discovery provision of OCGA § 9-11-26 (e) (1) (A).

Moreover, in his written motion, Thakkar did not seek a continuance or postponement of trial in order to depose the witnesses about whom he complains, but sought solely to exclude their testimony. And "[e]xclusion of probative trial evidence is not an appropriate remedy for curing an alleged discovery omission."[3]

Finally, two of the witnesses are golfers at St. Ives Country Club and thus were referenced in plaintiff's initial witness list as "Golfers of St. Ives, as of yet unidentified, who played at St. Ives Country

---

[1] (Citation omitted.) *Opatut v. Guest Pond Club*, 188 Ga. App. 478, 482 (9) (373 SE2d 372) (1988).

[2] OCGA § 9-11-26 (e) (2), (3); *City of Monroe v. Jordan*, 201 Ga. App. 332, 335-336 (411 SE2d 511) (1991).

[3] *Hunter v. Nissan Motor Co. &c.*, 229 Ga. App. 729 (1) (494 SE2d 751) (1997).

Club both before and after Defendant's removal of trees from the St. Ives property"; in fact, one of the golfers listed was Chairman of the St. Ives Grounds Committee and had been in communication with Thakkar about the tree removal; thus, his testimony was known to Thakkar. A third witness was the superintendent of the golf course whose identity, location, and testimony were known to Thakkar. And the fourth witness was the employer of a previously named witness who would testify to the same facts as the named witness; Thakkar, however, never deposed the named witness. In fact, Thakkar did not depose a single witness in this case, and he fails to show how an earlier receipt of the four witnesses' names would have altered this year-long course. Under such circumstances, we find no abuse of the trial court's discretion in permitting the four witnesses to testify.

(b) Thakkar claims error in the admission of testimony from the plaintiff's expert witness, surveyor Leroy James, because James was identified as a witness the day before his testimony. However, James was called solely to establish the boundary line between Thakkar's and plaintiff's properties. At trial, the court asked Thakkar's attorney if he wished to interview James so that he would not be surprised by his testimony. The attorney did so, stating, "I've been given a copy of the deed and the survey. So I think I know what I need to ask him." After the interview, the following ensued:

[Court:] Have you had a chance to talk to the plaintiff's witness, the surveyor?
[Defense Counsel:] Yes, your Honor.
[Court:] Do you need any more time?
[Defense Counsel:] I don't believe I do.
[Court:] All right. Is there anything else that we need to discuss before calling this witness?

Thereafter, Thakkar did not register any objection, claim surprise, move to continue, or move for mistrial.

"The only appropriate remedy for [plaintiff's] alleged failure to update . . . discovery responses or . . . expert witness' deposition testimony in the case sub judice (if any such update was even required) was postponement of trial or a mistrial."[4] Since the record shows that James' name was not withheld deliberately; his name was provided as soon as discovered; the substance of his testimony was known to Thakkar; and no continuance was requested or motion for mistrial made, we find no abuse of the trial court's discretion in permitting James to testify.

2. We likewise find no error in the trial court's use of the replace-

---

[4] Id. at 730 (1).

ment costs of the loblolly pines as the proper measure of damages in this case. Plaintiff testified as to the aesthetic value and use of the pines as a buffer surrounding the eleventh hole of the golf course, which buffer masked the surrounding homes and enhanced the beauty of the course. Several photographs of Thakkar's home taken from the eleventh hole after the trees were cut show the stark contrast between Thakkar's house and the surrounding houses which continued to be masked by the loblollys. And Thakkar admitted that he cut plaintiff's trees in order to improve his view of the golf course from his house.

> An owner of real estate has a right to enjoy it according to his own taste and wishes, and the arrangement of buildings, shade trees, fruit trees, and the like may be very important to him and the modification thereof may be an injury to his convenience and comfort in the use of his premises which fairly ought to be substantially compensated.[5]

In light of the testimony about the uses to which plaintiff put the land and the reasons for maintaining the trees on its property, the trial court did not err in receiving evidence and awarding damages based on "the cost of restoration that has been or may be reasonably incurred" through replacement of the lost pines.[6]

3. The boundary line between plaintiff's property and Thakkar's property was sufficiently established through the introduction of a plat of St. Ives Country Club; plaintiff's deed containing a description of the property boundaries of the club; and expert testimony from the registered land surveyor as to the exact location of plaintiff's boundary in relation to Thakkar's property.[7] Such evidence showed that title to the land from which the pines were removed was in plaintiff. Thakkar's claims to the contrary are without merit.

4. The trial court did not abuse its discretion in reopening the evidence in order to permit plaintiff to prove an essential element of its case.[8] Nor do we find error in the fact that the trial court informed plaintiff that it perceived a defect in plaintiff's proof, thereby preventing Thakkar from obtaining a directed verdict for failure to prove a prima facie case.

> The appellant in this case essentially asserts that if the plaintiff is thus allowed to "cure" the defects in his case,

---

[5] *Klingshirn v. McNeal*, 239 Ga. App. 112, 118 (4) (520 SE2d 761) (1999).
[6] (Punctuation omitted.) Id. at 118-119.
[7] *KDS Properties v. Sims*, 234 Ga. App. 395, 397-398 (506 SE2d 903) (1998).
[8] *Walker v. GRO Assoc.*, 227 Ga. App. 569 (489 SE2d 366) (1997).

then in effect no defendant will ever be entitled to a directed verdict at the close of a plaintiff's case. That might be true if a plaintiff could never amend his case or show additional evidence, and if the directed verdict were a mere technical device to dispose of plaintiffs who fail to present an instantly perfect prima facie case; but this is not so. The directed verdict is a substantive procedure for removing the case from the [factfinder] when the plaintiff's evidence viewed in the most favorable light is without conflict, and all the reasonable deductions therefrom demand a verdict for the defendant. . . . [S]ound reasoning dictates we not elevate procedure and form over substance by reversing the case on this basis, when the plaintiff's case was in fact ultimately made out.[9]

5. We reject Thakkar's contention that conversion of timber under OCGA § 51-12-51 requires proof that he sold or personally "used" the trees as lumber. Conversion is the "unauthorized assumption and exercise of the right of ownership over goods or chattels belonging to another."[10] Our timber conversion statute states in pertinent part that "Every person [who] . . . removes . . . or otherwise converts to the use of himself . . . any trees growing or grown on . . . land shall be liable to the holder of the legal title for such trees . . . removed . . . or otherwise converted by him."[11] In that regard, we find that when one, without authority, removes another person's trees in order to improve one's view of a golf course, there is an unauthorized exercise of ownership rights over the trees. To what *specific* "use" the trees are then put after the unauthorized removal — lumber, sale, or trash heap — does not impact on the fact that, in removing the trees without authority, the remover has converted them to his own "uses."

6. The trial court found as "not credible" Thakkar's testimony that he did not know he was removing the trees from plaintiff's property. The court found that Thakkar knowingly removed the pines from plaintiff's property in order to improve the view between his house and the golf course and that Thakkar assumed plaintiff would not pursue the matter because he sold the house bordering plaintiff's property and moved to a different location. There is evidence of record to support the trial court's factual findings. "[A]n appellate court will not disturb the factual findings of the trial court when

---

[9] (Citations and punctuation omitted.) Id. at 569 (1).

[10] Black's Law Dictionary (5th ed. 1979), p. 300.

[11] OCGA § 51-12-51 (a).

there is any evidence to sustain such findings."[12] Accordingly, Thakkar's remaining two enumerations regarding the failure to prove intent are without merit.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED JULY 31, 2001.

*Chamberlain, Hrdlicka, White, Williams & Martin, James L. Paul, Matthew J. McCoyd,* for appellant.

*Nelson, Mullins, Riley & Scarborough, Lance P. McMillian,* for appellee.

---

[12] *BMH Real Estate Partnership v. Montgomery,* 246 Ga. App. 301, 302 (1) (540 SE2d 256) (2000).