A02A0799. HUGHES v. PUTT PUTT GOLF & GAMES, INC.
(567 SE2d 741)

MIKELL, Judge.

Frederick M. Hughes III filed a premises liability action against Putt Putt Golf & Games, Inc. (the "Park") seeking damages for injuries he sustained when another patron collided with him on the Park's go-cart track. The jury found in favor of the defendant. On appeal, Hughes argues that the trial court erred by reading during its charge to the jury the contentions of the defendant as stated in the pretrial order. We affirm.

The evidence shows that as a part of its charge to the jury, the trial court read verbatim from the consolidated pretrial order both parties' outlines of the case. The trial court then charged: "Now, I have outlined to you briefly the written contentions of the parties as contained in the pleadings. These pleadings are not evidence. They are only claims or contentions of the parties." At the conclusion of the charge, plaintiff's counsel objected to the trial court's reading of the portions of the defendant's outline that referenced a witness who had not been called to testify and the accident report, which had not been admitted into evidence. In his sole enumeration of error, Hughes argues that the defendant's outline should not have been read to the jury because it was not supported by the evidence presented in the case.

The cases cited by the defendant in its brief are dispositive of the issue in this case. In *Opatut v. Guest Pond Club*, 188 Ga. App. 478 (373 SE2d 372) (1988), the trial court read the contentions of the parties during the jury charge. As in the case sub judice, the trial court

in *Opatut* instructed the jury that the allegations were merely the parties' contentions, not evidence. We held that "[i]t is not improper in a charge to the jury to state the contentions of the parties, even though some of the contentions be unsupported by the evidence." (Citations and punctuation omitted.) Id. at 481 (6). In *Crawford v. Presbyterian Home*, 216 Ga. App. 54, 56 (6) (453 SE2d 480) (1995), we held that "[a] trial court may state the contentions of the party and summarize the evidence in regard thereto." Accordingly, we find no error in the instant case.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JUNE 26, 2002.

*Paula K. Hanington*, for appellant.

*Hodges, Erwin, Hedrick & Coleman, William H. Hedrick*, for appellee.