A03A0974. THOMPSON et al. v. PINEVIEW PEANUT COMPANY et al.
(588 SE2d 295)

PHIPPS, Judge.

Kenneth and Recial Thompson appeal from the trial court's order finding that a security interest held by UAP/Ag Chem, Inc. had priority over Kenneth Thompson's security interest in the proceeds of Recial Thompson's 2001 farming crop. The Thompsons contend that the trial court erred in giving priority to UAP because UAP failed to submit proof of its written security agreement in the trial of this interpleader action. We agree and reverse.

1. "A signed security agreement 'is an absolute requisite to the enforceability of the security interest.' "[1] In this case, it is undisputed that UAP failed to introduce its signed security agreement into evidence during the trial. As a result, the trial court erred when it gave priority to UAP.

2. UAP argues that because it amended its answer to include a copy of the security agreement after the trial and before the trial court's ruling, the security agreement was part of the evidence before the trial court. The record shows that the trial court instructed the parties at the conclusion of the bench trial to submit letter briefs with their arguments. Kenneth Thompson submitted his letter brief after UAP submitted its brief and argued that he was entitled to priority because UAP had failed to prove a security agreement between itself and Recial Thompson. Four days later, UAP amended its answer to include a copy of the security agreement. UAP did not seek leave of court or Kenneth Thompson's permission before amending its answer. Likewise, UAP never filed a motion to reopen the evidence. The trial court never issued any order granting leave to UAP

---

[1] (Citations omitted.) *Grier v. Skinner's Furniture Store of Newnan*, 180 Ga. App. 607, 608 (1) (349 SE2d 826) (1986). See also *Amoco Oil Co. v. G. Sims & Assoc.*, 162 Ga. App. 307, 309-310 (291 SE2d 128) (1982).

to amend its complaint or reopening the evidence. Nor did it address Kenneth Thompson's argument that UAP had failed to prove its security agreement during the trial.

We disagree with UAP's contention that the written security agreement was part of the evidence before the trial court. First, a party cannot amend its pleadings as a matter of right after the start of a trial; instead, it must seek leave of court or the adverse party's permission.[2] Second, even if the answer had been properly amended, the security agreement was not properly authenticated and admitted into evidence.[3] Finally, the proper post-trial procedure for UAP to get the security agreement into evidence would have been a motion to reopen the evidence.[4]

3. We find no merit in UAP's contention that the testimony of Recial Thompson and of Blake Bennett (UAP's credit manager), as well as its original verified answer, provided sufficient proof of a signed security agreement that applied to Recial Thompson's 2001 farming crop. Recial Thompson testified that he gave a security interest to UAP in 1998 on all crops. Bennett identified a 1998 financing statement filed on Recial Thompson's crops and explained that after UAP entered into a "financing agreement" with Thompson, it obtained a judgment against him. In its original verified answer, UAP stated that it had a "recorded lien" on Recial Thompson's crops, that this "security interest" was perfected by filed security statements, and that its security interest applied to Thompson's 2001 crops. None of this testimony proves the existence of a signed security agreement that would apply to Recial Thompson's 2001 farming crop.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 2, 2003.

*Stephen J. Ingram*, for appellants.
*Gardner, Willis, Sweat & Goldsmith, Donald A. Sweat, Deena Plaire-Haas*, for appellees.

---

[2] *Borenstein v. Blumenfeld*, 250 Ga. 606, 607 (1) (299 SE2d 727) (1983).
[3] See *NationsBank v. Tucker*, 231 Ga. App. 622, 623 (1) (a) (500 SE2d 378) (1998) (court cannot take judicial notice of relevancy, identity, authenticity, and content of exhibit to a pleading).
[4] See *Walker v. GRO Assoc.*, 227 Ga. App. 569 (1) (489 SE2d 366) (1997).