## 72014. SIMS et al. v. MAJORS et al.
(344 SE2d 501)

CARLEY, Judge.

Appellees brought suit against appellants for damages based upon the alleged intentional and willful cutting of trees on appellees' property. The complaint alleged an intentional trespass upon the land as well as a conversion of the trees. Prior to trial, the issue of liability of appellants was determined on summary judgment and the only questions for the jury were whether or not the trespass by the appellants was intentional and the amount of damages due to appellees. The jury returned a verdict in favor of appellees in the amount of $10,000 for "property damage" and $500 punitive damages. Alleging insufficiency of evidence and jury misconduct, appellants appeal.

1. Appellants first contend that the evidence was insufficient to support a finding that appellants' trespass upon appellees' land was intentional. However, there was evidence of discussions with agents of appellants to the effect that the correct property line was known but that, in spite of that knowledge, appellants directed the cutting of trees on the property of appellees. There was further testimony by one of the appellees that even after he specifically instructed one of the appellants as to the location of the property line, agents of the appellants returned and cut additional timber on appellees' land. Also, Vernon Tart, on whose land appellants had permission to cut timber, testified that he clearly informed appellants as to the correct boundary between his property and that of appellees. Accordingly, the evidence was sufficient for the jury to determine that the actions of appellants were intentional and that, therefore, appellants were willful trespassers. *Autry v. Adams*, 95 Ga. App. 207 (97 SE2d 585) (1957).

2. Although appellees were entitled to recover damages as a result of the willful and intentional acts of appellants, the question remains as to the sufficiency of the evidence to support the verdict for punitive damages as well as general damages. "The measure of damages in cases of trespass to real property is the difference in the value thereof immediately before and immediately after the same is committed . . . ." *Rowland v. Gardner*, 79 Ga. App. 153, 157 (53 SE2d 198) (1949). On the other hand, OCGA § 51-12-50 provides that "where plaintiff recovers for timber cut and carried away, the measure of damage: (1) Where defendant is a willful trespasser, is the full value of the property at the time and place of demand or when an action is

brought without deduction for his labor or expense; (2) Where defendant is an unintentional or innocent trespasser or an innocent purchaser from such trespasser, is the value at the time of conversion less the value he or his vender added to the property. . . ."

If the recovery is for the full value of the timber cut under OCGA § 51-12-50, there can be no additional recovery of punitive damages. *Taylor v. Hammack*, 61 Ga. App. 640 (7 SE2d 200) (1940). "In an action for damages for the cutting and carrying away of timber, in which the plaintiff alleged the cutting was wilful, the measure of damages is the full value of the property at the time and place of demand or suit. . . . Such an action on its face is one for the full value of the property and the good faith and innocence of the defendant is a matter of defense whether or not the plaintiff alleges wilfulness. [Cit.] In such an action the plaintiff is not entitled to recover punitive damages as are provided for in [OCGA § 51-12-5]. [Cits.] It follows that a plaintiff may not circumvent the law just stated by merely proving value at the time of conversion and seeking punitive damages under [OCGA § 51-12-5]. As stated in the cases cited [OCGA § 51-12-50] fixes a special measure of damages in such actions for wilful misconduct, which is exclusive and not inconsistent with [OCGA § 51-12-5]." *DeBardelaben v. Coleman*, 74 Ga. App. 261 (39 SE2d 589) (1946).

Having set forth the different measure of damages in the two types of actions, let us examine the evidence in the case at bar. First, it is to be noted that the trial court charged as to the measure of damages under both theories and then proceeded to charge as to the right of appellees to recover punitive damages if the conduct of the appellants was willful and intentional. As can be seen from the above authorities, a recovery of punitive damages would not be permitted *if* the recovery of general damages was on the basis of OCGA § 51-12-50. In the instant case, the trial court did not fully explain when an additional recovery of punitive damages would, and would not, be authorized. However, there was no exception to the charge and, consequently, our determination as to the viability of the punitive damage award depends upon an analysis of the evidence.

There was no testimony, in so many words, as to the diminution in value of the property before and after the trespass. The only evidence as to amount of damages presented by appellees was the testimony of appellees' expert as to the cost of replacing the trees which had been wrongfully cut and removed. Appellants contend, therefore, that there was no evidence of diminution in market value sufficient to authorize a recovery of general damages for the *trespass to the real property* which would support an additional award of punitive damages. However, it clearly appears that the testimony offered by appellees with regard to tree replacement did not focus on the value of the trees or the lumber resulting therefrom. On the contrary, the evidence

was presented to show the amount of damage caused to the real property as a result of the destruction of the trees. "The measure of damages in cases of trespass to real property is the difference in the value thereof immediately before and immediately after the same is committed, *but this may be shown by the opinion of witnesses, admitted without objection, as to the amount of damage which resulted from destruction of the . . . trees.*" (Emphasis supplied.) *Rowland v. Gardner*, 79 Ga. App. 153, 157, supra. "It is true that no witness testified to the value of the land as timbered land before [the conduct of appellants] and afterwards; but the general character of the land, and the quality and quantity of the timber thereon, were disclosed by the evidence and a number of witnesses were permitted to testify (so far as the record discloses, without objection) to different amounts as the damage resulting from the [conduct of appellants], according to their opinions. There was evidence before the jury sufficient to enable them to arrive at a just and reasonable estimate of the damages sustained by the plaintiff, under the rule above referred to. It was absolutely necessary that the value of the timber should be considered." *Southern R. Co. v. Herrington*, 128 Ga. 438, 440 (57 SE 694) (1907).

Therefore, it appears that the verdict of the jury for property damage in the amount of $10,000 is sufficiently supported by evidence as to the diminution in the value of the property as a result of the trespass. "If the trespass is wilful, the plaintiff may recover exemplary or punitive damages in addition thereto. [Cit.]" *Holcombe v. Jones*, 197 Ga. 825, 833 (30 SE2d 903) (1944). See also *Folds v. Reese*, 140 Ga. App. 291 (2) (231 SE2d 808) (1976). Accordingly, the evidence was sufficient to support the verdict for both general and punitive damages, and it was not error to deny the motion for new trial on the grounds of insufficiency of evidence.

3. Finally, appellants contend that during the jury view of the property, improper private discussions were had among the various jurors contrary to the instructions of the court. However, this alleged impropriety was not brought to the court's attention until the filing of the motion for new trial although appellants and their counsel were both present during the jury view. "Unless prompt objection is made to an irregularity or impropriety in the progress of a trial, when known to counsel, it will be treated as having been waived." *Bragg v. State*, 15 Ga. App. 623 (1) (84 SE 82) (1914). This enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1986.

*James L. Kraemer*, for appellants.

*V. Lee Thompson, Jr.*, for appellees.