73784. DIXIE CONSTRUCTION PRODUCTS, INC.
v. SOUTHEASTERN COUNCIL ON COMPENSATION
INSURANCE et al.
(357 SE2d 831)

SOGNIER, Judge.

Dixie Construction Products, Inc. (Dixie) filed suit against Southeastern Council on Compensation Insurance (SCCI) and State Farm Fire & Casualty Company to recover an alleged overpayment of workers' compensation premiums paid to State Farm because of improper classification codes assigned to certain employees of Dixie. The trial court granted both defendants' motions for summary judgment on the ground that Dixie had failed to exhaust its required administrative remedies prior to instituting suit, and Dixie appeals.

Appellant contends it was not necessary for it to seek an administrative hearing before the Insurance Commissioner, as this matter was not one pertaining to basic rate-making as contemplated by OCGA § 34-9-130. We agree and reverse.

OCGA § 34-9-130 (a) provides that basic rates charged by insurance carriers for workers' compensation insurance shall be filed with and approved by the Insurance Commissioner. OCGA § 34-9-130 (c) provides, inter alia, that "[a]ny party at interest may appeal from any decision of the Insurance Commissioner made under this Code section in the manner provided by law."[1] Appellees argue that under this provision, appellant was required to pursue administrative remedies before instituting suit.

The parties to a workers' compensation insurance contract are bound by the rates approved by the commissioner for coverage of such a contract. *Walker v. Bituminous Cas. Corp.*, 74 Ga. App. 517 (40 SE2d 228) (1946). It is clear, however, that responsibility for applying the proper classifications to an employer's business rests with the insurance carrier. Id. In statutory construction, " '[i]t is fundamental that the determining factor is the intent of the legislature and we look first to the words of the statute to determine what that intent was and if those words be plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further in determining what that intent was.' [Cit.] In fact, 'where the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden. [Cit]' [Cit.]" *Williamson v. Lucas*, 171 Ga. App. 695, 697 (320 SE2d 800) (1984). Since the action complained of by appellant in the case sub judice is the improper application of classification codes to certain of its employees, and as that function was outside the duties of the Insurance Commissioner, it is clear that the subject matter of this suit was not a "decision of the Insurance Commissioner made under this Code section." Under the plain and unambiguous meaning of the statute, therefore, the existence of an administrative remedy was irrelevant. As appellees were not entitled to judgment as a matter of law, the trial court's grant of summary judgment in their favor must be reversed. OCGA § 9-11-56 (c).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 11, 1987 —
REHEARING DENIED MAY 28, 1987 —

---

[1] Although OCGA § 34-9-130 was amended in 1982, the new statute did not become effective until January 1, 1984. It is undisputed that at all times relevant to this action, the former statute governed.

*Robert A. Elsner, Christopher G. Knighton*, for appellant.
*Edward W. Killorin, Clayton H. Farnham, Richard K. O'Donnell*, for appellees.