A90A1341. FIRST UNION NATIONAL BANK OF GEORGIA et al. v. INDEPENDENT INSURANCE AGENTS OF GEORGIA, INC.

(398 SE2d 254)

BANKE, Presiding Judge.

The appellee, a Georgia corporation comprised of an association of agencies and individuals licensed to sell insurance in this state, brought the present action against the appellants, First Union National Bank of Georgia, First Union Corporation of Georgia, and First Union Mortgage Corporation, seeking a judicial determination that the appellants' activities in marketing and selling certain lines of casualty and property insurance in this state were violative of OCGA § 33-3-23 (b), which prohibits such activities by banks and bank holding companies, their subsidiaries or affiliates. In addition, the appellee sought to enjoin the appellants from such activities and to recover monetary damages. In answer to the complaint, First Union National Bank of Georgia and First Union Corporation of Georgia denied having engaged in any activities within the scope of OCGA § 33-3-23 (b), while First Union Mortgage Corporation asserted that its insurance activities were permissible under OCGA § 33-3-23 (f), which exempts from subsection (b) of that Code section banking institutions and their subsidiaries which have continuously conducted insurance operations in Georgia since January 1, 1974. We granted the appellants' application for an interlocutory appeal from the denial of their motion to dismiss the complaint or, in the alternative, for summary judgment.

The evidence of record reveals that in September of 1987, the appellee asked the Georgia Commissioner of Insurance to initiate an investigation to determine the legality of the appellants' alleged insurance activities. Acting pursuant to OCGA § 33-2-12, the Commissioner thereafter appointed an examiner to investigate the insurance-related activities of First Union Insurance Group, a division of First Union Mortgage Corporation, to ascertain whether those activities were violative of OCGA § 33-3-23. The examiner ultimately reported to the Commissioner that First Union Mortgage Corporation (and its predecessor) were "in continuous operation and that policies were is-

sued to Georgia residents from said company during [the years 1973 through 1987]." The Commissioner's deputy comptroller general forwarded a copy of the examiner's report to the appellee, along with a transmittal letter stating that "factually, First Union complies with the 'grandfather clause' requirement of continuous activity from January 1, 1974, as found in OCGA § 33-3-23 (f)." The Commissioner also sent a letter to the appellee in which he reiterated those findings and concluded that, "based upon the information available at this time . . ., First Union Insurance Group appears not to violate OCGA § 33-3-23." The appellee then brought the present declaratory judgment action, without pursuing any further administrative relief. *Held*:

1. The appellants contend that the present action is barred by the appellee's failure to exhaust its administrative remedies before the Commissioner. In denying the motion to dismiss the complaint, the trial court determined "that the administrative procedures set forth in the Georgia Insurance Code are not mandatory or exclusive" and that the appellee "has the right to seek a declaratory judgment from this court without exhausting those administrative remedies."

OCGA § 50-13-19 (a) of the Administrative Procedure Act provides as follows: "Any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. . . . A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." However, it has been held that "only in rare instances will the requirement of exhaustion be relaxed. This will be the case only when the administrative remedy exacts a price which causes it to be no remedy at all." *Moss v. Central State Hosp.*, 255 Ga. 403, 404 (339 SE2d 226) (1986). See also *Wilson v. Ledbetter*, 260 Ga. 180 (390 SE2d 846) (1990); *George v. Dept. of Nat. Resources*, 250 Ga. 491, 492 (299 SE2d 556) (1983). We are unprepared to hold that this is the situation in the present case.

Under OCGA § 33-2-1 et seq., the Insurance Commissioner has exclusive authority to enforce the Insurance Code. The Commissioner may issue orders prohibiting persons from engaging in activities which, in his opinion, are prohibited by the Code; and any persons aggrieved by "any act . . . or failure of the Commissioner to act . . ." are entitled to notice and an opportunity for an administrative hearing under OCGA § 33-2-17 et seq. As an entity assertedly aggrieved by the Commissioner's decision in this case finding the appellants to be in compliance with OCGA § 33-3-23 (b), the appellee was clearly authorized to request such a hearing and to seek judicial review of the Commissioner's decision following such a hearing in the event it remained favorable to the appellants. See OCGA § 33-2-26 et seq. We have no basis for concluding that the pursuit of this administrative

appeal process would be unavailing to the appellee. Compare *Wilson v. Ledbetter*, supra (where the department's rules *precluded* administrative review of a decision adverse to the plaintiffs); *Hilton Constr. Co. v. Rockdale County Bd. of Education*, 245 Ga. 533 (3) (266 SE2d 157) (1980) (where the available administrative remedies could not afford complete relief). Accordingly, we hold that the trial court erred in denying the appellants' motion to dismiss the complaint.

2. The appellants' remaining enumeration of error is rendered moot by the foregoing.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED OCTOBER 10, 1990.

*Troutman, Sanders, Lockerman & Ashmore, Tench C. Coxe, Robert Edwards, Jr., Mark S. Vanderbroek*, for appellants.

*Thomas L. Murphy*, for appellee.