A95A2445. FREEMAN v. PITTMAN et al.
(469 SE2d 543)

Ruffin, Judge.

Geneva Freeman sued Thomas Pittman and his law firm ("Pittman") for legal malpractice, alleging that Pittman failed to inform her of a lien on her property. Freeman appeals from the trial court's grant of summary judgment to Pittman. We reverse.

Viewed in a light most favorable to Freeman as the non-movant, the evidence shows that in September 1989, Freeman hired Pittman to represent her in her divorce, ascertain the amount of debt that existed on two parcels of property she expected to obtain in the divorce, and determine what it would take to obtain clear title to the property. The parcels at issue were a 233-acre farm and 15 acres upon which her home was located ("home property"). When she hired Pittman, Freeman was aware that Farmers Home Administration ("FmHA"), the Small Business Association ("SBA"), and the Plain Product Credit Association ("PCA") held various deeds to secure debt granting a security interest in the properties. FmHA held the first mortgage on the home property, and SBA's security interest was secondary. Freeman testified she had been informed that the SBA debt had been extinguished and was no longer of record, but as a precaution she instructed Pittman to check with the entities which previously held security interests and determine if that was the case and what would be required for her to own the property free and clear.

In May 1991, FmHA began foreclosure proceedings on the home property and Freeman hired another attorney, Hugh Gordon, to stop the foreclosure. Gordon negotiated a settlement with FmHA and extinguished its lien on the home property. Freeman testified that Pittman subsequently informed her that her only debts with respect to the parcels were to FmHA and PCA and that she understood that to mean that the SBA lien on the home property had in fact been canceled. In fact, however, that lien was not canceled and after Freeman settled with FmHA and FmHA's security interest in the home property was canceled, SBA's lien took a first priority position. Thereafter, SBA began foreclosure proceedings to satisfy its $60,900 security deed, and Freeman was required to make payments to SBA totaling $92,860 in order to keep the property. Freeman alleged that had Pitt-

man informed her of SBA's security interest, which she instructed him to ascertain, she could have settled with SBA for a "nominal" amount while SBA was still the secondary lien holder. Alternatively, Freeman contends she had friends and family who could have purchased the home property when FmHA foreclosed, thereby extinguishing SBA's security interest. In short, she contends she would have pursued other options to satisfy or eliminate the lien for far less money than she was ultimately forced to pay.

1. Freeman contends that the trial court erred in granting Pittman summary judgment because material issues of fact exist with respect to Pittman's negligence. In Pittman's motion for summary judgment, he did not attempt to negate this element of Freeman's claim, but rather, argued only that Freeman's complaint was defective because the expert affidavit attached to the complaint relied upon facts which were untrue. Freeman subsequently amended both her complaint and expert affidavit, and Pittman now argues the new affidavit was deficient because it did not contain sworn or certified copies of the documents upon which the expert relied. We note initially that there is no evidence that Pittman raised this argument below, and he has therefore waived the right to assert it on appeal. See *Thompson v. Long,* 201 Ga. App. 480 (2) (411 SE2d 322) (1991). Furthermore, assuming Pittman's assertion is true, it is immaterial as the affidavit was filed for pleading purposes, not for summary judgment. *Williams v. Hajosy,* 210 Ga. App. 637 (1) (436 SE2d 716) (1993) (affidavit insufficient to satisfy OCGA § 9-11-56 may still satisfy requirements of OCGA § 9-11-9.1 and sufficiency of expert affidavit should be attacked via motion to dismiss, not summary judgment motion). Thus, Pittman failed to negate the negligence element of Freeman's claim, and summary judgment would have been inappropriate on the basis of an alleged defect in the expert affidavit.

2. Freeman also argues that summary judgment was inappropriate because material issues of fact remain with respect to whether Pittman's negligent failure to inform her of SBA's security interest in the home property proximately caused her injury and damages in the form of losing the opportunity to cancel that interest and obtain clear title to her property. Citing *Midland Valley Plaza v. Ga. R. Bank &c. Co.,* 542 F2d 945 (5th Cir. 1976), Pittman argued below, as he does on appeal, that Freeman suffered no legally cognizable injury. Specifically, he argues that because there is no proof that the SBA would have compromised its interest for a nominal amount or that a third party would have bought the property at a FmHA foreclosure sale, Freeman's damages are too speculative to allow recovery. We disagree.

Viewed in a light most favorable to plaintiff Freeman, the evidence shows that the FmHA, SBA, and PCA had security interests in

plaintiff's land. Plaintiff was able to settle with the FmHA and PCA and clear their liens on the property. Because defendant Pittman had informed plaintiff that those were the only liens on the property, she did not attempt to settle with the SBA. As a result, the SBA's position with respect to the encumbered property improved, so it had no incentive to settle; and plaintiff eventually had to pay the SBA considerably more than the underlying principal owed, just to keep the property. From these circumstances, a jury could certainly find that defendant's alleged negligence (in informing plaintiff that the FmHA and PCA liens were the only liens on the property) proximately caused damage to plaintiff. Accordingly, the trial court's grant of summary judgment to defendant must be reversed. See *Nix v. Crews*, 200 Ga. App. 58 (406 SE2d 566) (1991).

*Midland Valley*, which was not a legal malpractice case, is distinguishable as it involved an isolated transaction. Thus, there was no similar transaction or experience which showed the likelihood of the plaintiff's success in the absence of the defendant's negligence. Here, on the other hand, we know that plaintiff *was* successful in negotiating favorable settlements with two other lien holders, one of whom was in a far stronger position than the SBA would have been. Given these favorable settlements, the inference that a favorable settlement could have been reached with the SBA is not too speculative.

Plaintiff Freeman's experiences with the other lien holders also provide a logical basis for the jury to estimate the amount of her damages. Establishing the proximate causation of damages and determining the extent of those damages are analytically distinct elements of plaintiff's cause of action, and the rule against the recovery of speculative damages relates primarily to speculation regarding proximate cause rather than extent. See *Ga. Ports Auth. v. Servac Intl.*, 202 Ga. App. 777 (3) (415 SE2d 516) (1992). Once a plaintiff establishes that damages proximately flow from the defendant's alleged conduct, "mere difficulty in fixing their exact amount" should not be a legal obstacle to recovery. See id. at 780.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 14, 1996 —

*Jones, Copeland, Lefkowitz & Greer, Taylor W. Jones, Linda R. Greer*, for appellant.

*Young, Thagard, Hoffman, Scott & Smith, Daniel C. Hoffman*, for appellees.