## A97A0234. RILEY v. TAYLOR ORCHARDS et al.
(486 SE2d 617)

BEASLEY, Judge.

After sustaining an on-the-job injury in February 1995, Riley sought workers' compensation benefits from Taylor Orchards and Liberty Mutual Insurance Company.

Taylor Orchards, a farming operation, employed Riley as a farm laborer. Although OCGA § 34-9-2 (a) exempts farm laborers and their employers from the Workers' Compensation Act, OCGA § 34-9-2.3 states that such employers may elect to provide workers' compensation coverage to farm laborers "by giving written notice to the board in such manner and form as provided by rule of the board." The questions are whether Taylor Orchards made this election and whether coverage under Taylor Orchards' workers' compensation policy with Liberty Mutual was terminated before Riley's injury.

The ALJ answered these questions in the negative and denied Riley's claim. With additional findings and conclusions, the appellate division adopted the ALJ's award. The superior court affirmed. This Court granted Riley's application for discretionary appeal.

Under OCGA § 34-9-2.3, the employer of farm laborers is deemed an employer for the purposes of the act, and each individual employed as a farm laborer is deemed an employee for the purposes of the act "[u]pon the filing of the notice with the board."[1] Prior Board Rules 2.3 and 61 (b) (23), in effect in 1995, required farm labor employers electing coverage to file a Form WC-30 with the insurer, if there was an insurer, or with the board if there was not an insurer.[2] Rule 61 (b) (23) stated that coverage would become effective 30 days from filing.

Although Taylor Orchards obtained workers' compensation insurance coverage effective May 17, 1992, through an assigned risk policy issued by Liberty, there is no evidence that Taylor Orchards

---

[1] OCGA § 34-9-2.3 then states: "[a]n employer of farm laborers who has filed a notice pursuant to this Code section shall not discontinue the provision of workers' compensation insurance coverage for individuals employed as farm laborers until the notice filed with the board is revoked in a manner to be specified by rule of the board and written notice is given to each affected employee in a manner to be specified by rule of the board."

[2] To reject previously elected coverage, Rules 2.3 and 61 (b) (24) required the employer to file a Form WC-31 with the insurer or the board. Rule 61 (b) (24) stated that cancellation would become effective 30 days from filing.

ever filed a Form WC-30 with either Liberty Mutual or the board.

An employee of Liberty Mutual testified that a "Workers' Compensation Renewal Proposal" dated February 10, 1994, was mailed to Taylor Orchards stating that the policy then in effect would expire on May 17, 1994, and that coverage would terminate on that date unless an $11,512 premium payment on a renewal policy was received before that date. The renewal policy did not take effect because the premium was not paid. As a result, Liberty Mutual notified the National Council on Compensation Insurance (NCCI) and the board that the coverage provided by this policy had been "terminated/cancelled."

Wainwright, the owner of Taylor Orchards, testified that he thought the workers' compensation policy remained in effect by reason of his $3,984 check to Liberty Mutual in April 1994, which he understood to be a quarterly payment on the renewal premium. Taylor Orchards' bookkeeper testified that its practice was to pay half of a premium at the inception of a policy and the other half in two quarterly installments. Consistent with this testimony, Wainwright acknowledged that the $3,984 check was in fact a payment on the existing workers' compensation policy rather than for the future renewal policy. Wainwright's insurance agent testified that he thought the policy remained in effect because he had not received a notice of cancellation, and he had previous policies in which such a notice was sent if the premium was not paid.

1. Riley first contends that the denial of his claim was error because there was no evidence establishing that Taylor Orchards did not file a Form WC-30 electing to be covered by the Workers' Compensation Act. But " '(t)he burden is upon the claimant to establish every fact necessary to uphold an award of compensation, including the jurisdiction of the board.' [Cits.]" *Hopkins v. Martin*, 185 Ga. App. 752, 753 (365 SE2d 544) (1988).

Riley was required to prove a positive, that Taylor Orchards had filed a Form WC-30 electing coverage under the act; Taylor Orchards was not required to prove a negative, that it did not file such a form. Although it is undisputed that Taylor Orchards purchased workers' compensation insurance, the lack of evidence that it filed the required notice left the employer in exempt status with respect to the act and thus not subject to the board's jurisdiction.

2. Riley also asserts error because of Liberty Mutual's failure to provide Taylor Orchards with notice that the policy had been cancelled. It is necessary to address this issue, because Liberty Mutual would be liable under the policy if it remained in effect, even though Taylor Orchards had not elected coverage under the act.

The notification procedures which an insurer must follow in effecting a termination, cancellation, or nonrenewal of a policy are

governed by statute. OCGA § 33-24-47 applies to workers' compensation insurers. It does not require notice to the insured when the insurer has offered to renew a policy and coverage has terminated because of nonpayment of the renewal premium. Nonetheless, Riley argues that Liberty Mutual is estopped from claiming termination because its customary practice was to follow a renewal notice with a cancellation notice if the renewal premium was not received on the due date. Cf. *State Farm &c. Ins. Co. v. Drury*, 222 Ga. App. 196, 198 (1) (474 SE2d 64) (1996) (physical precedent only) and cits. Based on the record, the ALJ was authorized to find that Liberty Mutual's practice was to send a notice of cancellation when the insured failed to make a premium payment in order to maintain coverage under an existing policy, as in *Drury*, not when the insured failed to pay in response to a renewal proposal.

Although *Wheeler v. Standard Guaranty Ins. Co.*, 168 Ga. App. 565, 569 (309 SE2d 805) (1983), involved a Code section not applicable to workers' compensation insurers, the following observation from that case is apt: "[W]here the insurance company manifests its willingness to renew . . . [,] it does not cancel the policy, but subsequently, in effect, the insured cancels the policy by his inaction or his failure to accept the insurer's offer."

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED APRIL 15, 1997 —
RECONSIDERATION DENIED MAY 9, 1997.

 Before Judge Smith.

*Edwards & Youmas, LaTonya N. Wiley*, for appellant.
*Rothschild & Morgan, Teri Y. Callahan, Byrd, Anthony & Davis, Lovick P. Anthony, Jr.*, for appellees.

