## A97A1826. ROBERTS v. CHAPMAN.
### (492 SE2d 244)

JOHNSON, Judge.

Cheryl Roberts, in her capacity as trustee of the Trust for Ashleigh Renee Roberts (the "Trust"), sued Tommy Chapman asserting, primarily, he breached an oral agreement to enter into a contract for an exchange of real property. Chapman answered the suit and filed a counterclaim claiming trespass. Before the case was submitted to the jury, the trial judge directed a verdict in favor of Chapman on all of Roberts' claims. The jury returned a verdict in favor of Chapman on his counterclaims, awarding him $6,900 on his trespass claim, $6,733 for attorney fees and expenses of litigation and $25,000 in punitive damages. The trial court entered judgment on the jury's verdict, modifying the award of attorney fees. Roberts appeals.

Briefly, the evidence introduced at trial viewed to support the jury's verdict is as follows: John Roberts, on behalf of the Trust, purchased land near Lake Lanier adjacent to land owned by Tommy Chapman.[1] Shortly thereafter, the Robertses began cutting a road and constructing a house. Chapman informed John Roberts that a portion of the house was on his property. Roberts acknowledged that the house was over the line and suggested that they "swap out" some land, contending that run-off from a dam which Chapman had con-

---

[1] Considerable evidence was presented at trial regarding the cash purchase of this property from Madge Howser, who has lived on a portion of the property since 1918, and various irregularities in both the execution of the deed and preparation and filing of the transfer tax statement. Except to show that the lack of formalities observed in the transaction may bear on the credibility of John Roberts, who had a good deal of professional experience in real estate matters, these issues are not relevant to any of the issues raised on appeal.

structed was coming onto another portion of the property owned by the Trust. Chapman expressed some reservations about an exchange because his property was in a tax program, and Roberts offered to pay any penalty which Chapman might incur. Chapman told Roberts that he would investigate the tax implications and consider the issue, but advised Roberts that until everything had been settled, they were to stop construction. Despite this conversation, the Robertses proceeded to pour a concrete foundation and basement walls and install a power transformer on the property. When the land swap was not consummated, Cheryl Roberts, on behalf of the Trust, initiated this suit, asserting Chapman had breached his agreement to trade out property.

1. Roberts asserts the trial court erred in denying her motion for directed verdict on Chapman's counterclaim for trespass, contending that Chapman failed to establish title to the property upon which he alleged the Trust had encroached. "A motion for directed verdict is proper where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the 'any evidence' test." (Citation and punctuation omitted.) *Hanover Credit Corp. v. Datamatx*, 226 Ga. App. 12, 13 (485 SE2d 571) (1997). At trial, Chapman introduced his deed, the plat referred to in his deed, and the testimony of an expert witness to establish title to his property. He also introduced an unrecorded plat prepared by surveyors hired by the Robertses clearly showing that the foundation of the house extended over the property line. Chapman also testified that in 1993 he showed John Roberts the property line, noting that it was marked on the trees with red paint and hash marks. And, in a letter introduced by Roberts dated October 12, 1995, John Roberts admitted to Chapman's attorney that a portion of the house is on Chapman's property.

Roberts argues vehemently that the boundary lines as set forth in various deeds create an ambiguity. That may well be. However, "[t]he question of the sufficiency of the description of property in a[n instrument] is one of law, for the court; that of the identity of the property [described] is one of fact, to be decided by the jury." (Citations and punctuation omitted.) *Bank of Cumming v. Chapman*, 245 Ga. 261 (264 SE2d 201) (1980). Because there was evidence before the jury supporting Chapman's claim of ownership of the property upon which the Trust encroached, the trial court did not err in denying the motion for a directed verdict on that issue. See *Hazlip v. Morris*, 242 Ga. 7, 8 (247 SE2d 747) (1978); *Outdoor Systems v. Woodson*,

221 Ga. App. 901 (1) (473 SE2d 204) (1996).

2. Roberts also argues that the trial court erred in refusing to give her Request to Charge No. 15 to the jury. The charge had two parts. The first part of the requested charge explained who has the burden of proving an encroachment and stated that a claimant must show title to that portion of the property upon which the trespass is alleged. Because these principles were given to the jury elsewhere in the charge, the refusal to charge them was not error. See *Mattox v. MARTA*, 200 Ga. App. 697, 699 (2) (409 SE2d 267) (1991). Roberts also wanted the jury to be charged as follows: "When the [claimant of a trespass] relies on possession alone as a basis of recovery, it must be actual possession of that portion of the tract upon which an alleged wrong is committed."[2] "If any portion of a requested charge is inapt, incorrect, misleading, confusing, argumentative, not precisely adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper." (Citations, punctuation and emphasis omitted.) *Stinson v. Allstate Ins. Co.*, 212 Ga. App. 179, 182 (2) (a) (441 SE2d 453) (1994). In this case Chapman was not relying on possession alone as a basis of recovery, but introduced evidence regarding documentary title. Because the charge was not authorized by the evidence presented at trial, the trial court did not err in refusing to give Roberts' Request to Charge No. 15.

3. There is no merit to Roberts' disingenuous and totally unsupported argument that the trial court erred in failing to limit punitive damages to the amount sought in the pre-trial order. The pre-trial order did not specify an amount being sought in connection with the claim for punitive damages, and therefore, Roberts asserts the trial court erred in allowing a punitive damages verdict to exceed zero. In Georgia, the amount of punitive damages to be awarded, if any, is determined according to the facts of a particular case as evaluated in the enlightened conscience of a fair and impartial jury. *Hosp. Auth. of Gwinnett County v. Jones*, 259 Ga. 759, 763 (5) (b) (386 SE2d 120) (1989) (judgment reinstated on remand, 261 Ga. 613 (409 SE2d 501) (1991)). The jury awarded punitive damages in the amount of $25,000 to Chapman. The amount of the award, contrary to Roberts' argument, was strictly within their discretion. The award, having been subsequently approved by the trial court will not be disturbed on appeal unless it is "so excessive or inadequate as to shock the judicial conscience," and this assertion has not been made in this appeal. (Citations and punctuation omitted.) *Clarke v. Cotton*, 207 Ga. App. 883 (1) (429 SE2d 291) (1993).

---

[2] Interestingly, in both Roberts' brief and reply brief, she acknowledges that Chapman relied on title rather than actual possession in proving ownership.

Likewise, Roberts argues that Chapman is not entitled to recover punitive damages because he is not entitled to recover on his substantive claim of trespass. Inasmuch as this argument exceeds the scope of her enumerated error, it need not be addressed. See *Jabaley v. Jabaley*, 208 Ga. App. 179, 180 (2) (430 SE2d 119) (1993). In any event, in light of our holding in Division 1 above, this argument is without merit.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 22, 1997 —
RECONSIDERATION DENIED SEPTEMBER 4, 1997 —

*Stewart, Melvin & Frost, Frank Armstrong III*, for appellant.
Cheryl W. Roberts, *pro se.*
*William S. Hardman*, for appellee.