A04A0876. VITO v. PALEY.
(604 SE2d 620)

BARNES, Judge.

George R. Vito, D.P.M., filed this action in defamation against Dror Paley, M.D., alleging that Paley had knowingly and intentionally made false and malicious statements in an expert affidavit required by OCGA § 9-11-9.1 (a). Because we find that the statements in the affidavit were privileged under OCGA § 51-5-8, we affirm the trial court's grant of Paley's motion to dismiss.

Sabih Kalidy filed a medical malpractice action against Vito when he experienced complications after Vito had performed leg lengthening surgery on him. Paley, an expert in this procedure,

prepared a professional affidavit in support of the malpractice claim against Vito. Vito subsequently filed this action against Paley, contending that the statements in the affidavit were false and malicious and thus constituted defamation. Paley filed a motion to dismiss, maintaining that the statements in the affidavit were privileged under OCGA § 51-5-8. The trial court granted the motion.

On appeal, Vito urges that the trial court erred by finding that the affidavit was privileged because it was a necessary part of the pleadings in the malpractice action. He also maintains that questions of fact remain as to whether Paley's "libelous statements in his affidavit were published prior to the affidavit's attachment to a pleading." We find both arguments meritless.

OCGA § 9-11-9.1 (a) provides that "[i]n any action for damages alleging professional malpractice . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." Id. Under OCGA § 51-5-8, "[a]ll charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought," are absolutely privileged. And, as this court recognized in *Robinson v. Starr*, 197 Ga. App. 440, 441 (2) (398 SE2d 714) (1990), the professional affidavit required by OCGA § 9-11-9.1 is an "initial pleading requirement." (Emphasis omitted.) Id.

Vito argues that, as a policy matter, the expert's affidavit "should not be included within the umbrella of regular pleadings protected by OCGA Section 51-5-8." He maintains that this court needs to deter professionals from making frivolous allegations in their affidavits by removing the absolute privilege afforded the documents. He complains that the privilege creates experts who "make a career of signing affidavits."

While we recognize that any system is imperfect and subject to abuses,

> [t]he wisdom of so broad a privilege lies in the recognition that, without it, every complaint filed could generate a counterclaim for defamation. The privilege is intended for the promotion of the public welfare, the purpose being that members of the legislature, judges of courts, jurors, lawyers, and witnesses may speak their minds freely and exercise their respective functions without incurring the risk of a criminal prosecution or an action for the recovery of damages.

(Citation and punctuation omitted.) *Stewart v. Walton*, 254 Ga. 81, 82 (2) (326 SE2d 738) (1985).

Moreover, Vito was not totally without recourse if, as he asserts, the statements in the expert affidavit were false. The expert affidavit is subject to the requirements of OCGA § 9-11-9.1 and nothing in that Code section precludes a resolution of the competency of the affidavit pursuant to a hearing. *Hewett v. Kalish*, 264 Ga. 183, 185 (1) (442 SE2d 233) (1994); see also *Freeman v. Pittman*, 220 Ga. App. 672, 673 (1) (469 SE2d 543) (1996) (sufficiency of expert affidavit attacked via motion to dismiss).

Accordingly, we agree with the trial court that the expert affidavit was absolutely privileged under OCGA § 51-5-8, and thus find no error in the trial court's dismissal of Vito's complaint.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 13, 2004.

*R. Lars Anderson, Bryan D. Scott*, for appellant.

*Budd, Larner, Rosenbaum, Greenberg & Sade, Prescott L. Nottingham, Mark A. Inman*, for appellee.