A05A2200. FEDERATED DEPARTMENT STORES, INC.
v. GEORGIA PUBLIC SERVICE COMMISSION et al.
(628 SE2d 658)

MILLER, Judge.

Federated Department Stores, Inc. ("Federated") seeks judicial review of orders issued by the Georgia Public Service Commission (the "Commission") pursuant to an investigatory docket proceeding of the Commission. According to Federated, these orders failed to adequately address the disparity in rates charged by the Georgia Power Company ("Georgia Power") between new customers and long-standing customers such as Federated. Federated's petition for judicial review of the investigatory docket proceeding was denied by the Superior Court of Fulton County on the grounds that the Commission's orders did not render Federated "aggrieved" and that the

proceeding was not a "contested case" as required by OCGA § 50-13-19 (a).[1] Federated appealed, alleging that the trial court erred in dismissing its petition for judicial review. We discern no error and affirm.

The investigatory docket proceeding was scheduled by the Commission at the request of Federated to review the manner in which Georgia Power applied tariffs for its new and established customers. Federated alleged that Georgia Power's pricing system unreasonably discriminated against it and other established customers in favor of newer customers, thus violating OCGA § 46-3-11.

Following a hearing, the Commission issued an order acknowledging discrimination in Georgia Power's treatment of established and new customers but expressly not determining if the discrimination was unjust. Instead, the Commission's order reiterated that the purpose of the proceeding was not to modify Georgia Power's rates but to gather information to serve "as a resource for the Commission in future rate proceedings. . . ." The Commission's order provided that the Georgia Power rate case proceeding scheduled for that year should consider the "disparity of treatment . . . made available [by Georgia Power] to new and existing customers, and whether it should be continued, lessened or eliminated." Prior to the commencement of the Georgia Power rate case, however, Federated filed a petition for judicial review of the final order and two preliminary orders emanating from the investigatory docket proceeding.[2]

1. Federated claims that the trial court erred in dismissing its petition for judicial review of the orders of the investigatory docket proceeding. Judicial review of the orders is not permitted, however, because such proceeding was not a "contested case" permitting review under OCGA § 50-13-19 (a).[3]

In *Ga. Power Co. v. Campaign for a Prosperous Ga.*, 255 Ga. 253 (336 SE2d 790) (1985), the Supreme Court of Georgia allowed judicial review of orders issued by the Commission in a rate case proceeding in which Georgia Power was authorized to raise its rates. The court noted, however, that

---

[1] OCGA § 50-13-19 (a) provides that "[a]ny person who has exhausted all administrative remedies available within the agency and who is *aggrieved* by a final decision in a *contested case* is entitled to judicial review under this chapter." (Emphases supplied.)

[2] Although the Georgia Power rate case is not part of the record herein, the Commission apparently considered the discrimination issue at such proceeding and required Georgia Power to modify the way it distinguishes between established and new customers. Federated has not petitioned this court for review of that decision.

[3] A "contested case" is defined by OCGA § 50-13-2 (2) as a proceeding in which "the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing."

> we do not anticipate that the holding we reach today will result in a flood of appeals of [Commission] rate decisions, since OCGA § 50-13-19 (a) limits the right to petition for review to persons "who have exhausted all administrative remedies available within the agency" in "contested cases."

Id. at 258 (2).

The Commission's investigatory docket proceeding did not determine the legal rights, duties, or privileges of any party and, therefore, was not a "contested case." The Commission did not make any determination in the proceeding or related orders regarding whether or not the rates charged by Georgia Power were appropriate. Although the orders emanating from the proceeding did not modify the rates Georgia Power charged Federated, the Commission established at the outset of the investigatory docket proceeding that "the ultimate result of this particular docket would not be at this time to shift revenue requirements among the classes outside a rate proceeding in which earnings and all related issues thereto are examined in full" and that "no action will be contemplated at [the investigatory proceeding] by the Commission to make any modifications of [Georgia Power's] rate structure or revenue requirements." Federated sought judicial review of the orders of the investigatory docket proceeding instead of waiting for the rate case proceeding that would specifically consider these issues and result in a final order either adjusting or maintaining its rates.

While judicial review is appropriate under OCGA § 50-13-19 (a) where the "final agency decision would not provide an adequate remedy," we have no basis for concluding that the Commission's actions in the investigatory docket proceeding prevented Federated from successfully pursuing a remedy at the Georgia Power rate case. See *First Union Nat. Bank &c. v. Independent Ins. Agents &c.*, 197 Ga. App. 227, 228-229 (1) (398 SE2d 254) (1990). Instead of precluding the issues raised by Federated from being considered at the rate case, the order issued by the Commission following the investigatory docket proceeding required that the future rate case proceeding would consider the disparate treatment of Georgia Power's existing and new customers.

Since Federated sought judicial review of the orders of an investigatory proceeding that was not a contested case, the trial court properly denied its petition for judicial review.

2. Federated also claims that the trial court erred in failing to find, as a matter of law, that Georgia Power violated the anti-discrimination provisions of OCGA § 46-3-11 and that the Commission violated OCGA § 46-3-8 (c) (1) by failing to enforce the anti-discrimination statute against Georgia Power. In light of our holding

in Division 1 that judicial review of the Commission's investigatory docket proceeding is improper, however, we will not address this issue.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 15, 2006 — 

*Fields, Howell, Athans & McLaughlin, Terry R. Howell, Lynn S. Concha, Gregory O. Shenton,* for appellant.

*Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, Daniel S. Walsh, Assistant Attorney General,* for appellees.